UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO: 1:06CV000126

SARA J. HICKMAN                                                               PLAINTIFF

V.

J & M FREIGHT LINES, LLC
and
FLOYD DAWSON                                                   DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court on a Motion for Partial Summary Judgment filed by Defendants. Fully briefed, this matter is ripe for decision. For the reasons set forth herein, summary judgment is DENIED [21].

**I. Facts**

The Plaintiff, Sara J. Hickman, is the widow of Joe Hickman. Mr. Hickman was a farmer, and in June of 2006 he employed Defendant J & M Freight Lines, LLC (J& M) to haul grain for him. On June 10, 2006, three J & M drivers were present at Mr. Hickman's farm to haul grain. Defendant Floyd Dawson was one of those drivers. Mr. Dawson was the first to obtain his load, which was transferred from a silo to Mr. Dawson's trailer. After his trailer was filled, Mr. Dawson needed to back his tractor-trailer in order to exit the loading area. Mr. Dawson informed Mr. Hickman that he could not back up because a car was blocking his way. Mr. Hickman instructed another J & M driver to move the car from the

way. When Mr. Dawson saw the car being moved, he proceeded to back his tractor-trailer. While backing, Mr. Dawson saw the J & M driver who had moved the car waving his arms. When Mr. Dawson got out of his truck, Mr. Hickman was on the ground, face down, and had been run over by Mr. Dawson's trailer. When medical respondents arrived at the scene, Mr. Hickman was dead. Sara Hickman has filed suit against Mr. Dawson and J & M. The Defendants now seek summary judgment on the issue of pain and suffering.

## II. Standard of Review

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere

existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. Discussion

Defendants submit two reasons that summary judgment is proper on the issue of pain and suffering. First, Defendants argue that damages for pain and suffering cannot be awarded if there is not proof that the decedent was alive and conscious after the accident occurrence. Next, Defendants submit that the lack of an autopsy on the decedent's body creates a presumption that the decedent was unconscious before he was struck by the trailer. The arguments will be discussed in turn.

#### A. Proof that Decedent Lived Beyond the Accident

Kentucky law is clear that in order to award damages for pain and suffering, an accident victim must survive and be conscious following an accident. Sand Hill Energy, Inc. v. Ford Motor Co., 83 S.W.3d 483, 502 (Ky. 2002); Worldwide Equipment, Inc. v. Mullins, 11 S.W.3d 50 (Ky.App. 1999). While the Plaintiff has not submitted conclusive proof that the decedent outlived any initial trauma, there is evidence to suggest that he did. The Defendants themselves tendered the transcript of an interview with medical responder Rodney Harp, who stated that the initial 911 dispatch indicated that Mr. Hickman was gasping and was still breathing. (Harp transcript, Ex. 8 to Motion for Summary Judgment, p. 5). Further, the Plaintiff has secured an expert whose report indicates that Mr. Hickman sustained conscious pain and suffering as a result of the accident. The testimony of the

Plaintiff's expert is largely based upon the opinion that the decedent was ran over bottom to top, with his feet first being struck as the tires continue to pass upward across the decedent's body. The Defendants argue that the expert overlooks the issue of whether the decedent was actually alive at the time he was struck by Mr. Dawson's trailer. The expert's opinion that Mr. Hickman felt pain implicitly assumes that the decedent was alive to do so. There is evidence on which a reasonable jury could conclude that Mr. Hickman was alive during and after the accident, and thus summary judgment is inappropriate. See Anderson, 477 U.S. at 252.

### B. Proof that Decedent was Conscious When Struck By Trailer

Defendants argue that an autopsy was required by Kentucky statute to establish the cause of the decedent's death. KRS § 72. 025 (9) & (14). KRS § 72.025 provides that a "post-mortem examination" shall be performed when a death is the result of an accident or does not appear to be natural. Kentucky statute goes on to define a "post-mortem examination" as a "physical examination of the body by a medical examiner or by a coroner or deputy coroner who has been certified by the Justice Cabinet and may include an autopsy performed by a pathologist or other appropriate scientific tests administered to determine cause of death." KRS 72.405(4). The clear language of the statute states that a post-mortem examination **may** include an autopsy but does not state that it **must** include an autopsy. A physical examination of Mr. Hickman's body was performed by the Simpson County deputy coroner.

Nonetheless, Defendants argue that in the absence of an autopsy there is a

presumption that the decedent was unconscious prior to the accident's occurrence. Defendants posit that such a presumption stems from the Sixth Circuit precedent of Welsh v. United States, 844 F.2d 1239, 1248 (6th Cir. 1988). Welsh was a medical malpractice and wrongful death case arising from a patient's death following a brain operation. Id. A skull flap which was of relevance to the suit was not pathologically tested prior to its destruction. Id. at 1247. The district court made an inference related to the patient's infection based on the fact that the skull flap was destroyed. Id. The Sixth Circuit found that such an inference was not mandatory, but was permissible. Id. The Court indicated that the defendants should have been aware of the importance of the skull flap to the plaintiff's case and that the defendants were negligent to destroy it. The Appellate Court stated that the destruction of evidence "foreseeably pertinent to litigation" and the "failure to perform pathological examination in accordance with the standards of ordinary practice give rise in the circumstances of this case to a rebuttable presumption that the missing specimen would establish" the defendants' negligence. Id. at 1247-48. The Court further stated that "[w]hen, as here, a plaintiff is unable to prove an essential element of her case due to the negligent loss or destruction of evidence by an opposing party . . . it is proper for the trial court to create a rebuttable presumption that establishes the missing elements of the plaintiff's case that could only have been proved by the availability of the missing evidence." Id. at 1248.

The facts of this case are distinguishable from those present in Welsh. Under the facts of this case, the decision not to perform an autopsy appears to be reasonable and justified. There is no suggestion whatsoever that the decision was made to aid this litigation. For

5

purposes of this summary judgment motion, the Court declines to draw an adverse inference against the Plaintiff.

**IV. Conclusion**

For the reasons included herein, the Defendants' Motion for Partial Summary Judgment is hereby DENIED [DN 21].

cc: counsel of record